**ALD-246**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 14-1195
———————

UNITED STATES OF AMERICA

v.

CARL ANTHONY KNIGHT,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1:98-cr-0003-002)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and
Consideration of Whether a Certificate of Appealability is Required
May 30, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 10, 2014)
_____

OPINION
_____

PER CURIAM

In 1999, the District Court sentenced Appellant Carl Anthony Knight to life

imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute cocaine base. In January 2014, Knight filed a pro se motion with the District Court, asking the court to correct a "simple clerical error" in his judgment of sentence pursuant to Federal Rule of Criminal Procedure 36.[1] Knight claimed that "the typist in the clerk['s] office" had "fail[ed] to check the correct box [i]n the State[ment] of Reasons" section of the judgment.[2] In that section, there are two boxes. The first box should have been checked if the court adopted the factual findings and guideline application in the presentence report *without exception*. The second box should have been checked if the court adopted the factual findings and guideline application in the presentence report *with one or more exceptions*. Knight's judgment of sentence has the first box checked.

On January 9, 2014, the District Court denied Knight's Rule 36 motion, concluding that no clerical error had been made because the court had, in fact, adopted the factual findings and guideline application in the presentence report *without exception*. This pro se appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] For the reason given by the District Court, we agree with the court's denial of Knight's Rule 36

---

[1] Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

[2] Knight made clear that he was *not* challenging the sentence itself or his underlying conviction.

[3] Because this appeal is not challenging a final order in a proceeding under 28 U.S.C. § 2255, Knight does not need to obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B).

2

motion.[4]  Because this appeal does not present a substantial question, we will summarily

affirm the District Court's January 9, 2014 order.  <u>See</u> 3d Cir. I.O.P. 10.6.

---

[4] Although we have yet to articulate the standard for reviewing the denial of a Rule 36 motion, we need not do so here because this appeal fails under any available standard.